UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FLASH 90 LTD.,

                              Plaintiff,                      **REPORT AND**
                                                                   **RECOMMENDATION**
          - against -                                          21-CV-5607-PKC-SJB

YEVREISKI MIR,

                              Defendant.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

In this lawsuit, plaintiff Flash 90 Ltd. ("Flash 90") alleges a violation of section 106 of the Copyright Act by Defendant Yevreiski Mir d/b/a Ora Publishing, LLC ("Mir"). Flash 90 alleges that Mir used a copyrighted photograph of a police officer at a protest on its newspaper's website without Flash 90's permission. Mir failed to answer or otherwise respond to the Complaint. Flash 90 moved for a default judgment on August 25, 2023. (Notice of Am. Mot. for Default J. filed Aug. 25, 2023 ("Notice of Mot."), Dkt. No. 24). Judge Pamela K. Chen then referred the motion to the undersigned. (Order Referring Mot. dated Aug. 25, 2023).

For the reasons stated below, it is respectfully recommended that the motion for default judgment be granted and Flash 90 be awarded a total award of $1,960, plus post-judgment interest.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Flash 90 is a professional photography licensing company based in Israel that holds the exclusive rights to a photograph of a police officer at a protest (the "Photograph"). (Am. Compl. dated Nov. 14, 2022 ("Am. Compl."), Dkt. No. 17 ¶¶ 5, 13; Undated Photograph ("Photograph"), attached as Ex. A to Am. Compl., Dkt. No. 17-1).

The Photograph is in color and depicts a masked police officer gesturing at a group of masked protesters behind a metal barricade. (*See* Photograph). Flash 90 acquired ownership of the Photograph from a photographer through a work-for-hire arrangement. (Am. Compl. ¶ 13). The Photograph was first published on Flash 90's website for commercial distribution on May 17, 2020. (*Id.* ¶ 14; Flash 90 Archive Photos dated May 17, 2020, attached as Ex. B to Am. Compl., Dkt. No. 17-2). Flash 90 registered the Photograph with the U.S. Copyright Office, effective July 20, 2020. (Am. Compl. ¶ 16; Certificate of Registration dated July 20, 2020 ("Certificate of Registration"), attached as Ex. C to Am. Compl., Dkt. No. 17-3 (Registration No. VA 2-213-011)).

Mir is a New York limited liability company that owns and operates the website www.evreimir.com. (Am. Compl. ¶¶ 6, 8, 17–18). Flash 90 alleges that Mir published the Photograph on its website on June 29, 2020, in connection with one of its articles. (*Id.* ¶ 22; Yevreiski Mir Article dated June 29, 2020, attached as Ex. D to Am. Compl., Dkt. No. 17-4 at 1). Flash 90 alleges that it neither licensed nor gave permission or consent to Mir to use or display the Photograph. (Am. Compl. ¶ 23).

The Amended Complaint contains one cause of action for infringement in violation of the Copyright Act, 17 U.S.C. §§ 106, 501. (*Id.* ¶¶ 25–30). Flash 90 was served with the summons and Amended Complaint on April 26, 2023 via the New York Secretary of State. (Aff. of Service dated Apr. 26, 2023 ("Aff. of Service"), Dkt. No. 21).[1]

---

[1] Flash 90 filed the original Complaint on October 7, 2021, (Compl. dated Oct. 7, 2021, Dkt. No. 1), but its original service on Mir was deficient, as the Court noted in its Order to Show Cause. (Order to Show Cause dated Oct. 25, 2022). Flash 90 voluntarily withdrew its original motion for default judgment, filed the Amended Complaint, and properly served Mir through the New York Secretary of State. (*See* Aff. of Service).

Mir failed to appear, answer, or otherwise respond to the Amended Complaint. Flash 90 sought a certificate of default against Mir on May 30, 2023, (Req. for Certificate of Default dated May 30, 2023, Dkt. No. 22), which the Clerk of Court entered. (Clerk's Entry of Default dated June 21, 2023 ("Clerk's Entry of Default"), Dkt. No. 23). Flash 90 moved for default judgment on August 25, 2023. (Notice of Mot.). On the same day, the motion and its supporting papers were served by mail on Flash 90's last known business address. (Certificate of Service dated Aug. 25, 2023 ("Certificate of Service"), Dkt. No. 28).

Flash 90 seeks (1) $5,000 in statutory damages for copyright infringement in violation of the Copyright Act, (2) $560 in attorney's fees, (3) $400 in costs, and (4) post-judgment interest. (Am. Compl. Prayer for Relief ¶¶ 2, 4; Decl. of James H. Freeman dated Aug. 25, 2023 ("Freeman Decl."), Dkt. No. 25 ¶¶ 12–13; Pl.'s Mem. of Law in Supp. of Mot. for Default J. dated Aug. 25, 2023 ("Mem. of Law"), Dkt. No. 26 at 21).

## DISCUSSION

I.   Entry of Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment." *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment

3

against that defendant. Fed. R. Civ. P. 55(b)(2). The Clerk of Court entered a default against Mir. (Clerk's Entry of Default).

The next question, before reaching liability or damages, is whether Mir's conduct is sufficient to warrant entry of a default judgment. In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001). These factors are "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003).

First, Mir's failure to respond to the Complaint demonstrates its default was willful. *See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding that the defendants' non-appearance and failure to respond "indicate willful conduct" and granting plaintiff default judgment against them). A copy of the summons and Complaint was served on it via the Secretary of State of New York on April 26, 2023. (Aff. of Service). The motion for default judgment and supporting papers were also served on Mir via mail to Mir's last known business address. (Certificate of Service). Notwithstanding this notice and service, Mir did not respond to the Amended Complaint, did not appear, and has not in any way attempted to defend itself.

As to the second factor, the Court cannot conclude there is any meritorious defense to Plaintiff's allegations because Mir did not appear, and no defense has been

4

presented to the Court. *E.g., United States v. Hemberger*, No. 11-CV-2241, 2012 WL 1657192, at *2 (E.D.N.Y. May 7, 2012); *Indymac Bank*, 2007 WL 4468652, at *1. Third, Flash 90 would be prejudiced if the motion for default judgment is denied, "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008), *report and recommendation adopted*, Order (Jan. 26, 2009); *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946, 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015) (adopting report and recommendation) (finding the prejudice element was met because "[w]ithout the entry of a default judgment, Plaintiffs would be unable to recover for the claims").

As a result, all three factors weigh in favor of the entry of default judgment. The Court now turns to the liability imposed, damages, and other relief to be awarded.

II.     Liability

In deciding a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A party's default is deemed an admission of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482, at *2 (Mar. 29, 2016). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y.

5

2010) (citation and quotations omitted); *see also* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2688.1 (3d ed. 2017).

Flash 90 seeks a default judgment on the sole claim in the Amended Complaint, infringement in violation of the Copyright Act. The Act provides the owner of a copyright with, among other things, the "exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . .; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106; *see also Sheldon v. Plot Com.*, No. 15-CV-5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058, at *1 (Sept. 19, 2016). By implication, those who lack ownership in a copyright do not hold such rights and may be liable for infringement.[2]

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Kennedy v. Medgen, Inc.*, No. 14-CV-5843, 2016 WL 6585812, at *3 (E.D.N.Y. Apr. 19, 2016) ("A *prima facie* case of copyright infringement is established by showing ownership of a valid copyright and a violation of the exclusive right of use."), *report and recommendation adopted*, 2016 WL 6601450, at *1 (Nov. 5, 2016).

---

[2] "Section 501 of the Act provides the owner of a copyright with a cause of action for infringement against '[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118.' 17 U.S.C. § 501(a)." *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, 254 F. Supp. 3d 584, 590 (S.D.N.Y. 2017) (alteration in original), *aff'd*, 738 F. App'x 722, 724 (2d Cir. 2018).

As to the first element, "the existence of a valid copyright can be established by the introduction into evidence of a Copyright Office certificate of registration. Such a certificate, if timely obtained, constitute(s) prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *Sheldon*, 2016 WL 5107072, at \*11 (quoting *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980)). A copyright certificate is timely if obtained "before or within five years after first publication of the work." 17 U.S.C. § 410(c). Although the presentation of a copyright certificate generally "shifts the burden of proof to Defendant[] to show the invalidity of Plaintiff[']s copyrights," in the context of a default judgment, a timely certificate is sufficient to establish validity. *Sheldon*, 2016 WL 5107072, at \*11–\*12 (quoting *Prince Grp., Inc. v. MTS Prods.*, 967 F. Supp. 121, 125 (S.D.N.Y. 1997)); *see also, e.g.*, *CJ Prods. LLC v. Concord Toys Int'l, Inc.*, No. 10-CV-5712, 2011 WL 178610, at \*3 (E.D.N.Y. Jan. 19, 2011) ("Since defendants have not submitted . . . a scintilla of evidence to cast doubt on the validity of any of the subject copyrights, . . . the presumption of validity has certainly not been rebutted.").

The Certificate of Registration names Flash 90 as the author of the Photograph and as the copyright claimant. (Certificate of Registration at 5). The Certificate of Registration was also issued within five years of the date that the Photograph was first published on May 17, 2020. (*Id.* at 1, 5). Thus, the Court concludes that Flash 90 has established ownership of the copyright for the Photograph. *See, e.g.*, *Sheldon*, 2016 WL 5107072, at \*12 ("Sheldon has provided a Certificate of Registration demonstrating his ownership of the Photograph and providing *prima facie* evidence of the validity of the copyright.").

7

As to the second element, the infringement of original work, a plaintiff must allege a violation of the exclusive rights provided to a copyright owner under 17 U.S.C. § 106 and must meet a minimal burden to establish the work is original. *Id.* at *11. Flash 90 alleges Mir reproduced and displayed the Photograph on its website without a license or any other authorization. (Am. Compl. ¶¶ 22–23, 26–27). This is sufficient to establish that Mir violated Flash 90's exclusive rights in the Photograph. *See, e.g.*, *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721, 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019) ("Korzeniewski alleges Sapa Pho, who did not own any rights to the Image, reproduced and displayed it, and that he did not consent to authorize, permit, or allow in any manner the use of the Image. This is enough to establish that Sapa Pho violated his exclusive rights in the Image." (quotations omitted)), *report and recommendation adopted*, 2019 WL 291145, at *2 (Jan. 23, 2019); *Reilly v. Plot Com.*, No. 15-CV-5118, 2016 WL 6837895, at *5 (S.D.N.Y. Oct. 31, 2016) ("The well-pleaded allegations of plaintiff's complaint demonstrate that . . . defendant infringed [plaintiff's] copyright by producing and displaying an unauthorized copy of the Photograph on its website."), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 160884, at *2 (Nov. 21, 2016).

Flash 90 has also established that the Photograph is an original work. "The burden of proving originality is 'minimal[.]'" *Dermansky v. Tel. Media, LLC*, No. 19-CV-1149, 2020 WL 1233943, at *3 (E.D.N.Y. Mar. 13, 2020) (quoting *Sheldon*, 2016 WL 5107072, at *11). Originality "simply means a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind." *Sheldon*, 2016 WL 5107072, at *11 (quoting *Boisson v. Banian, Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001)). Flash 90 alleges that it

8

"created" the Photograph when a hired photographer made the image.  (*See* Am. Compl. ¶ 13).[3]  A photograph bears the required hallmarks of originality.  *See, e.g., Sheldon*, 2016 WL 5107072, at *12 ("The Photograph is the result of Sheldon's creative process, as he chose when to take the Photograph and the angle from which to capture the singer.  Thus, Plot Commerce undeniably copied original elements of plaintiff's work, by using the exact photograph taken by Sheldon.").

In light of the foregoing, the Court finds that Mir is liable for infringement under section 106 of the Copyright Act.

III.    Damages, Fees, Costs, and Interest

Having found Mir liable for copyright infringement, the Court now moves to the damages and other relief Flash 90 is entitled to.  "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup*, 973 F.2d at 158.  "[A]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (citations and quotations omitted).  "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109

---

[3] "For purposes of the work for hire doctrine under the 1909 Copyright Act, an employer who hires another to create a copyrightable work is the author of the work for purposes of the statute, absent an agreement to the contrary." *Urbont v. Sony Music Ent.*, 831 F.3d 80, 85 (2d Cir. 2016) (quotations omitted).  Flash 90 has established it is the "author" of the Photograph under the Copyright Act, and the Certificate of Registration shows that it was a work made for hire. (Certificate of Registration at 5).

F.3d 105, 108 (2d Cir. 1992)). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (collecting cases). Under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing" to determine the amount of damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Flash 90 requests (1) $5,000 in statutory damages under the Copyright Act; (2) $560 in attorney's fees; (3) $400 in costs; and (4) post-judgment interest. (Mem. of Law at 10, 19, 21; Am. Compl. Prayer for Relief ¶¶ 2, 4).[4]

A. <u>Statutory Damages Under the Copyright Act</u>

Under the Copyright Act, once liability for infringement has been established, a plaintiff can elect either actual or statutory damages. 17 U.S.C. §§ 504(a), (c)(1); *Philpot v. Music Times LLC*, No. 16-CV-1277, 2017 WL 9538900, at *5 (S.D.N.Y. Mar. 29, 2017) ("Upon establishing a defendant's liability under this Section, a plaintiff may recover his actual damages caused by the infringement, as well as any additional profits made by the defendant. Alternatively, the plaintiff may elect to recover statutory damages."

---

[4] Flash 90 also requests, but only in the Amended Complaint, injunctive relief in that "Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct." (Am. Compl. Prayer for Relief ¶ 3). In addition, Flash 90 requests pre-judgment interest, again only in the Amended Complaint. (*Id.* Prayer for Relief ¶ 5). Flash 90 did not request this relief in its Memorandum of Law. (*See* Mem. of Law at 21). Because Flash 90 has not reasserted these requests in its default judgment papers, the Court does not address them or award this relief. *See Phillips v. TraxNYC Corp.*, No. 21-CV-528, 2023 WL 1987206, at *7 n.8 (E.D.N.Y. Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 2532066, at *1 (Mar. 14, 2023).

(citation omitted)), *report and recommendation adopted*, 2017 WL 1906902, at *2 (May 9, 2017). "Statutory damages are available without proof of [the] plaintiff's actual damages, and are useful in cases where proof of actual damages or profits is insufficient." *Id.* (alteration in original) (quotations omitted).

"The court has broad discretion, within statutory limits, in awarding statutory damages." *Noble v. Crazetees.com*, No. 13-CV-5086, 2015 WL 5697780, at *6 (S.D.N.Y. Sept. 28, 2015) (adopting report and recommendation). Generally, statutory damages can be awarded "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However, a court can award up to $150,000 if it finds the copyright infringement to be willful. *Id.* § 504(c)(2). While "[s]tatutory damages need not be directly correlated to actual damages, . . . they ought to bear some relation to actual damages suffered." *Seelie v. Original Media Grp. LLC*, No. 19-CV-5643, 2020 WL 136659, at *3 (E.D.N.Y. Jan. 13, 2020) (quoting *Mantel v. Smash.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019)). To that end, in determining a statutory damages award, courts evaluate:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

Flash 90 seeks statutory damages of $5,000 for the Photograph. (Mem. of Law at 15, 17). Aside from asserting that Mir's "utter disregard for this proceeding in its entirety warrant[s] the Court's finding of willfulness[,]" (*id.* at 15), and that statutory damages should be awarded to "discourage further wrongdoing[,]" (*id.* at 16 (quoting *CJ Prods. LLC v. Your Store Online LLC*, No. 11-CV-9513, 2012 WL 2856068, at *3

11

(S.D.N.Y. July 12, 2012))), Flash 90 does not address any of the other factors. And it has not submitted evidence of any loss of revenue or licensing fees, or Mir's profits, suggesting that its actual losses are *de minimis*. Flash 90 argues that statutory damages can be awarded "regardless of the actual harm suffered." (*Id.* at 19). But the extent of those statutory damages is measured by the factors set forth in *Bryant*, and outside of legal arguments—and the fact, based on Mir's default, that the infringement is willful— Flash 90 offers no evidence that warrants an award beyond one that is minimal. Indeed, the cases Flash 90 relies upon stand in stark contrast with its presentation here.

In *Entral Group International, LLC v. Honey Cafe on 5th, Inc.*, the plaintiff filed an affidavit "regarding lost license fees and estimated gross profits realized by defendants." No. 05-CV-2290, 2006 WL 3694584, at *5 (E.D.N.Y. Dec. 14, 2006); (*see* Mem. of Law at 13). Similarly, in *Van Der Zee v. Greenidge*, the plaintiff shared that the defendant "avoided payment of a $1,500 per photograph licensing fee" that the plaintiff required. No. 03-CV-8659, 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006); (*see* Mem. of Law at 13). And in *Wilen v. Alternative Media Net, Inc.*, the defendant engaged in "blatant concealing of the copyright notice appearing on each" of seven photos. No. 03-CV-2524, 2004 WL 2823036, at *2 (S.D.N.Y. Dec. 3, 2004), *report and recommendation adopted*, 2005 WL 167589, at *5 (Jan. 26, 2005); (*see* Mem. of Law at 13). Such support has not been provided by Flash 90 here. Flash 90 also cites *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-CV-1416, 2012 WL 5506121, at *2 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d 120, 127 (2d Cir. 2014). (*See* Mem. of Law at 13–14). But *Psihoyos* followed a jury trial in which the plaintiff presented robust evidence of willfulness. *E.g.*, 2012 WL 5506121, at *2 ("Plaintiff presented an array of evidence indicating that Defendant made no effort to curb its infringement after becoming aware

12

that Plaintiff's photographs had been used without license or that books had been printed exceeding Defendant's license.").

When courts have awarded "substantial statutory damages for violation of the Copyright Act," there is typically "additional evidence of willfulness and allegations of actual awareness on the part of the defendants of their infringing activity; there is usually at least one cease-and-desist letter sent to the defendant, and, frequently, requests for injunctive relief." *Dermansky*, 2020 WL 1233943, at *5.[5]

Courts have consistently awarded between $750 and $1,000 in statutory for a single infringement where there is no additional evidence of damages. *E.g.*, *Lowery v. Fire Talk LLC*, No. 19-CV-3737, 2020 WL 5441785, at *5 (E.D.N.Y. June 29, 2020) (awarding $750 because infringing conduct was *de minimis* "[w]ith no evidence of Defendant's willfulness, no evidence of actual harm, and only a single act of alleged infringement"), *report and recommendation adopted*, 2020 WL 5425768, at *1 (Sept. 10, 2020); *Verch v. Sea Breeze Syrups, Inc.*, No. 19-CV-5923, 2020 WL 7407939, at *4 (E.D.N.Y. Aug. 20, 2020) (awarding $1,000 because infringing conduct was *de minimis* where "there is only one alleged act of infringement, there are no cease-and-desist letters, there are no requests for injunctive relief, the usual licensing fee has not been provided, and there is no evidence of any actual harm"), *report and recommendation*

---

[5] Flash 90 cites three other cases in support of its request for $5,000, (Mem. of Law at 17–18 n.5), but they are either inapposite or support a lower award. In *Seelie v. Original Media Group LLC*, a higher award was warranted because of the presence of additional aggravating factors, including removal of accreditation, *see* 2020 WL 136659 at *4–*5, that are not present here. *Bass v. Diversity Inc. Media* involved multiple uses of the copyrighted photograph as opposed to the single publication or use here. No. 19-CV-226, 2020 WL 2765093, at *1 (S.D.N.Y. May 28, 2020). And finally, in *Mango v. Pacifica Foundation Inc.*, the default judgment, and thus the decision awarding damages, was subsequently vacated. No. 18-CV-6318, 2019 WL 569073, at *2 (E.D.N.Y. Feb. 11, 2019), *vacated*, 2019 WL 4134776, at *1 (May 2, 2019).

*adopted*, 2020 WL 7402209, at \*1 (Dec. 17, 2020); *Dermansky*, 2020 WL 1233943, at \*5–\*6 (same); *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475, 2020 WL 4738242, at \*4 (E.D.N.Y. Aug. 14, 2020) (ruling award of $1,000 in single infringement action "reasonable given the . . . lack of a baseline amount of Plaintiff's licensing fee or any loss of profits").

In light of the foregoing and in the absence of any detailed presentation justifying a higher award, the Court respectfully recommends $1,000 in statutory damages be awarded to Flash 90. *E.g.*, *Verch*, 2020 WL 7407939, at \*4; *Dermansky*, 2020 WL 1233943, at \*5–\*6; *Balhetchet*, 2020 WL 4738242, at \*4.

B. Attorney's Fees

Flash 90 also seeks an award of attorney's fees incurred. (Mem. of Law at 19–21). Counsel seeks $560 in attorney's fees for 1.6 hours of work performed at an hourly rate of $350. (Freeman Decl. ¶ 15).

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. "[T]he court may also award a reasonable attorney's fee[.]" *Id.* "When determining whether to award attorney[']s fees [in copyright cases], district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant*, 603 F.3d at 144. "The third factor—objective unreasonableness—should be given substantial weight." *Id.* "The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and necessity of the hours spent and rates charged." *Sell It Soc.*, 2020 WL 5898816, at \*5.

14

In assessing whether legal fees are reasonable, a court must determine the "presumptively reasonable fee" for an attorney's services by examining what a reasonable client would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. *Id.* The next step is to determine the reasonableness of the hours expended by counsel. *See, e.g.*, *LaBarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 WL 746490, at *4–*5 (E.D.N.Y. Feb. 26, 2007), *report and recommendation adopted*, 2008 U.S. Dist. LEXIS 21770, at *3 (Mar. 19, 2008). The number of hours spent on a lawsuit are considered unreasonable if they are "excessive, redundant, or otherwise unnecessary." *See, e.g.*, *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (adopting report and recommendation) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)).

Turning first to the reasonable hourly rate, the Court examines the experience and qualifications of counsel seeking the fee award. Flash 90 is represented by attorney James H. Freeman ("Freeman"). (Freeman Decl. ¶ 1). He graduated from Benjamin N. Cardozo School of Law in 2000, and, although he is not a partner at his firm, Freeman has practiced intellectual property law as an attorney for 20 years. (*Id.* ¶ 14). The Court thus finds $350 per hour to be a reasonable billing rate for Freeman. *See, e.g.*, *Farrington*, 2022 WL 543029, at *6. Turning next to the reasonableness of time expended, Freeman states that he performed 1.6 hours of work. (Freeman Decl. ¶ 15). The Court finds this range of hours reasonable, considering the relative simplicity of the action and damages awarded in similar proceedings. *See e.g.*, *Pires v. UOB Holdings*

15

*(USA) Inc.*, No. 20-CV-1612, 2022 WL 902464, at *6 (S.D.N.Y. Mar. 28, 2022) (approving fees for 2.1 hours of work for single infringement action).

Therefore, the Court respectfully recommends that Flash 90 be awarded $560 in attorney's fees.

### C. Costs

In addition, Flash 90 seeks reimbursement for costs consisting of $400 in court filing fees. (Freeman Decl. ¶ 15). Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, a prevailing party is entitled to recover certain taxable costs. These include court filing fees. 28 U.S.C. § 1920(1).

Filing fees are recoverable without supporting documentation if verified by the docket. *E.g.*, *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920, 2013 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013) (adopting report and recommendation in part); *Philpot*, 2017 WL 9538900, at *11 (stating that the filing fee is "a fact of which the Court can take judicial notice"). The docket indicates the $400 filing fee was paid. (Dkt. No. 1). Therefore, although Flash 90 did not submit a receipt, the filing fee is recoverable.

Therefore, the Court respectfully recommends an award of $400 in costs.

### D. Post-Judgment Interest

Flash 90 seeks an award of post-judgment interest at the statutory rate. "Although the Complaint did not seek relief in the form of post-judgment interest, such relief is mandatory under federal law." *Bleecker v. Zetian Sys., Inc.*, No. 12-CV-2151, 2013 WL 5951162, at *2 (S.D.N.Y. Nov. 1, 2013) (adopting report and recommendation) (entering default judgment); *U.S. Bank Nat'l Ass'n v. Brooklyn Motor Cars, Inc.*, No. 18-CV-2609, 2019 WL 1370696, at *6 (E.D.N.Y. Mar. 4, 2019) ("Although Plaintiff did not request post-judgment interest in the Complaint, it is entitled to such relief since it

16

is mandatory under federal law."), *report and recommendation adopted*, 2019 WL 1367285, at *1 (Mar. 26, 2019); *see also Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (quoting 28 U.S.C. § 1961(a))). "The post-judgment interest rate . . . is tied 'to the weekly average 1-year constant maturity Treasury yield . . . for the week preceding the date of judgment.'" *Genworth Life & Health Ins. Co. v. Beverly*, 547 F. Supp. 2d 186, 190 (N.D.N.Y. 2008) (second alteration in original) (quoting 28 U.S.C. § 1961(a)).  The Court therefore respectfully recommends post-judgment interest be granted on the total award, at the rate set forth in 28 U.S.C. § 1961(a), calculated from the date on which the Clerk of Court enters final judgment until the date of payment.

## CONCLUSION

For the reasons stated, it is respectfully recommended that Flash 90's motion for default judgment be granted and that default judgment be entered against Mir as follows:

- $1,000 in statutory damages for a violation of the Copyright Act;
- $560 in attorney's fees;
- $400 in costs; and
- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a) following the date judgment is entered.

Thus, the Court recommends a total ward of $1,960, plus post-judgment interest accruing at the statutory rate.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections

17

within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

      Flash 90 is directed to serve a copy of this Report and Recommendation on Mir and file proof of such service on the docket.

SO ORDERED.

*/s/ Sanket J. Bulsara*  February 1, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

18